IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| AARON K.F. WON, | ) | Civ. No. 06-00242 SOM-KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY MOTION FOR ENTRY OF |
| vs. | ) | DEFAULT JUDGMENT |
| | ) | |
| ELLEN DIAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY**
**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Before the court is Defendants' Motion for Entry of Default Judgment against third-party defendant Alden Pauline. (Doc. No. 54.) The Clerk of Court entered Default against Pauline on March 28, 2007, after Pauline failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a); (Doc. No. 38.) Defendants now seek a default judgment determining that Pauline is solely liable for all costs and damages arising out of the alleged assault of Plaintiff, such costs and damages to be proved at a later date.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. For the following reasons, the court finds and recommends that Defendants' Motion for Entry of Default Judgment be DENIED.

## I. Background[1]

Plaintiff is an inmate under the custody of the Hawaii Department of Public Safety (DPS).  During the time at issue here, Plaintiff was housed in protective custody (PC) at the Halawa Correctional Facility's (HCF) Special Needs Facility, Module A, Quad 1, upstairs Cell 3.[2]

On February 21, 2006, third-party defendant Pauline was placed in PC, Module A, Quad 1, downstairs Cell 9.  Four days later, on February 25, 2006, Won left his area in the Quad, went upstairs to Plaintiff's cell, and punched Plaintiff in the face.  Plaintiff was immediately taken for medical treatment by HCF officials.

Plaintiff filed this prisoner civil rights complaint on May 3, 2006, against former Acting HCF Warden Clayton Frank, former Acting DPS Director Frank Lopez, HCF Social Services Assistant Richard Condon, and HCF Adult Correctional Officer Ellen Dias (collectively, Defendants).  Plaintiff alleges that Defendants violated the Eighth Amendment by failing to protect him from Pauline's assault.  Specifically, Plaintiff alleges that Frank and Condon "failed to protect Plaintiff from Pauline, when

---

[1] The uncontroverted facts herein are taken from Plaintiff's complaint and Defendants' Motion for Summary Judgment and Concise Statement of Facts (Doc. Nos. 55 & 56.)

[2] Plaintiff, a former police officer, states that he was placed in PC "because of anticipated exposure to violence and assault by other inmates."  (Doc. No. 1, Comp. 4 ¶ 3.)

they knowingly recommended and approved inmate Pauline's placement and transfer to PC" and failed to follow DPS policies and procedures regarding PC, directly resulting in Pauline's assault of Plaintiff.  (Comp. 2, 4, 4(a), 4(b).)  Plaintiff alleges that Lopez failed to properly train and supervise his employees.  Finally, Plaintiff alleges that Dias failed to follow and enforce a DPS rule prohibiting PC inmates housed in the lower level from going to the upper level.

## II. Discussion

Pursuant to Fed. R. Civ. P. 55, default judgment may be entered only under limited conditions.  Ordinarily, default judgments are disfavored.  *See Eitel v. McCool*, 782 1470, 1472 (9th Cir. 1986); *see also Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (upholding denial of motion for entry of default judgment where answer was untimely).  When deciding whether to enter a default judgment, the court should consider "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a disposition concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Id.*  at 1471-72; *see also Al-Torki v. Kaempin*, 78 F.3d 1381, 1384 (9th Cir. 1996); *Alan*

Case 1:06-cv-00242-SOM-KSC   Document 62   Filed 10/29/07   Page 4 of 6     PageID #: 277

*Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989).

These factors counsel against entry of default judgment here. First, Defendants by their own admission are seeking a determination that Pauline is *solely* liable for all of Plaintiff's damages arising from the alleged assault. Even accepting as true that Pauline assaulted Plaintiff, and is therefore liable for certain costs and damages for his allegedly tortious conduct, such a determination may not completely absolve Defendants for liability for the constitutional tort of failing to protect Plaintiff from Pauline, which is the basis of this action. Defendants do not consider or discuss the possibility of the joint and several liability of the parties. Although default has been entered against Pauline, it is possible that, if Defendants are found liable for constitutional violations, the entry of default may need to be amended to account for such a determination. A default determination that Pauline assaulted Plaintiff may not insulate Defendants for their own alleged liability for Plaintiff's allegations of constitutional violations.

Second, there is a pending motion for summary judgment in this action, which will likely determine liability issues for some if not all of the Defendants. The motion will assuredly result in the disposition of certain material facts. It would be

premature to consider Defendants' version of the facts, although uncontroverted by Plaintiff for the most part as they relate to Pauline's actions on February 25, 2007, before the district court determines the viability of Plaintiff's constitutional claims against Defendants.  A determination in favor of Defendants on the motion for summary judgment will render *this* motion moot.

Third, the possibility of prejudice to Plaintiff is great if the court enters default judgment determining that Pauline is solely liable for Plaintiff's damages.  Without reaching a decision regarding the merits of Plaintiff's claims against Defendants, it is at least clear that they are sufficient to deserve encouragement to proceed to a trier of fact before such a determination on liability for costs and damages is entered.

Fourth, Pauline is an inmate.  This fact on its own makes it more possible than not that there may be excusable neglect on his part in failing to defend here.  The obstacles a prisoner faces in defending against a civil suit, while not necessarily insurmountable, are certainly imposing.  Moreover, taking judicial notice of this court's own records and files, the court notes that Pauline has a pending civil suit in this court, in which he alleges that he has a mental illness and is seeking psychiatric care from DPS officials.  *See Pauline v. Patel*, Civ. No. 07-00522 HG.  While the court is not here accepting Pauline's

allegations as fact or so holding, his claims raise a possibility at least, that he has been unable to defend against the third-party suit against him due to mental incapacity, sufficient to preclude entry of default judgment against him at this time.

The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits is paramount here, and overrides any justification for entering default judgment against Pauline at this time. The court finds and recommends that Defendants' Motion for Entry of Default be DENIED without prejudice to refiling at the conclusion of Defendants' pending motion for summary judgment.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, October 29, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

Won v. Dias, et al.,; Civ.No. 06-00242 SOM-KSC; FINDINGS AND RECOMMENDATION DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT; dmp\ f&r's 07\ Won 06-242 (dny dflt judgmt)

6