IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| AARON K.F. WON, | ) | Civ. No. 06-00242 SOM-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) | MOTION TO FILE AMENDED |
| | ) | COMPLAINT |
| ELLEN DIAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT**

On January 11, 2008, this court granted Defendants' Motion for Summary Judgment in this prisoner civil rights action. (Doc. No. 84, "Order Granting Plaintiff's Motion to Dismiss Defendant Lopez, Denying Plaintiff's Motion to Amend the Complaint, and Granting Defendants' Motion for Summary Judgment" ("January 11 Order").)

The January 11 Order also denied Plaintiff Aaron Won's motion to amend the complaint. The court found that the deadline for amending the pleadings had passed nearly a year before, and that Won had failed to show sufficiently good case to otherwise justify amendment. *See* January 11 Order at 5-11; *see also* Fed. R. Civ. P. 16(b)(4) (providing that a pretrial scheduling order "may be modified only for good cause and with the judge's consent"). Won also failed to provide a copy of the proposed amended complaint and failed to conduct, or even attempt to conduct, any discovery during the nearly two years that his case

was pending in this court prior to the hearing on the Motion for Summary Judgment.

In light of Won's pro se status, however, the court deferred entry of judgment on the January 11 Order until February 15, 2008. Won was informed that, if he could "provide some good cause, beyond the inadequate excuses he proffered at the hearing and in his Opposition, and can articulate his proposed amended claims in a draft amended Complaint . . . he may move to amend his Complaint." January 11 Order at 10. Won was also told that, in the alternative, he could start a new case by filing a new complaint either in the federal court or the state court, although the court was making no determination on the futility or viability of commencing a new case.

On February 7, 2008, Won filed a proposed amended complaint and a memorandum in support, construed as a motion to file an amended complaint. (Doc. No. 88.) For the following reasons, the court DENIES the motion to file an amended complaint and STRIKES the first amended complaint.

<u>**LEGAL STANDARD**</u>

As the January 11 Order informed Won, because he seeks to amend his complaint almost a year after the deadline for amending the pleadings has passed, his motion is governed by the "good cause" standard set forth under Fed. R. Civ. P. 16(b)(4). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08

2

(9th Cir. 1992); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294
(9th Cir. 2000).  After the deadline has passed, the pretrial
scheduling order may be modified only when, "despite the
diligence of the party seeking the extension," the scheduling
order's dates cannot be met.  *Johnson*, 975 F.2d at 609
(quotations omitted).  Thus, the party seeking an extension to
file an amended pleading must show good cause for his failure to
timely amend the pleadings, as evidenced by a showing of
diligence.  If the party has not been diligent, the Rule 16
inquiry ends.  *Id.*

## DISCUSSION

        Won alleges two causes of action in the proposed
amended complaint: (1) an Eighth Amendment violation for failure
to protect him from assault from another inmate; and (2)
negligence on the same basis.  Won renames Clayton Frank, Ex-
warden of the Halawa Correctional Facility ("HCF"), and HCF
Social Services Assistant Richard Condon, and adds HCF Deputy
Warden Eric Tanaka, as well as John and Jane Does, as defendants.
Won broadly states "[t]hat named Defendants/Respondents should
have know of the possible threat to [Won's] safety[,]" and that
"Respondents['] negligence . . . caused Petitioner to be severely
assaulted[.]"  Proposed Amended Complaint 4¶3 & 5¶4.  He does not
specify which Defendants are allegedly responsible for the Eighth

Amendment claim and which Defendants are allegedly responsible for the negligence claim.

Won's "Memorandum in Support of First Amended Complaint" ("Memo") is solely devoted to rearguing his case and gives no explanation for his failure to diligently prosecute this action so as to excuse his failure to timely file a motion to amend the pleadings.  The Memo completely ignores the court's notification that, if Won decides to amend the Complaint, he must adequately explain his failure to comply with the Rule 16 Scheduling Order.  Won's only apparent explanation is that the court "left him the ultimatum of two choices: 1. File a proposed amended complaint; or 2. To commence a new action."  Memo at 4.  Won states, "Petitioner chose to file an Amended Complaint."  *Id.*

Won misapprehends the January 11 Order.  The court did not give him an "ultimatum."  Rather, the court deferred entry of judgment to allow Won time to formulate an argument as to why he should be allowed to file an amended complaint despite his apparent lack of diligence.  The only excuse Won gave at the January 7, 2008, hearing on the motion for summary judgment was that he is a layman, proceeding pro se, and was unaware that Tanaka had approved Pauline's transfer to PC.  The court deemed these excuses insufficient, insofar as Won is educated, a former police officer, conducted no discovery in support of his case in the two years since the incident occurred, and, most damaging,

4

was on notice of Tanaka's involvement in his case more than two months before he moved to amend his complaint. Won has apparently chosen not to supplement these reasons with anything further.

Additionally, Won's proposed amendment is, at least in part, futile. Although the January 11 Order granted summary judgment to Frank and Condon as to Won's Eighth Amendment allegations, Won appears to be realleging these claims against them. Because the proposed amended complaint does not specify whether Won alleges that *all named Defendants* are responsible for both of the claims, or that he is only alleging negligence claims against Frank and Condon, the amendment is fatally vague. To be clear, Won may not reallege Eighth Amendment claims against Condon and Frank, alleging a failure to protect him from Pauline's assault, as the court has granted summary judgment to these Defendants on these claims.

Because Won fails to provide good cause, or in any manner to explain further his failure to timely move to amend, and because the proposed amended complaint is futile as written, the Motion to Amend the Complaint is DENIED. All deadlines remain in effect.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 14, 2008.



　/s/ Susan Oki Mollway　
Susan Oki Mollway
United States District Judge

Won v. Dias, et al.,; Civ.No. 06-00242 SOM-KSC; ORDER DENYING
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT; dmp\ Orders 08\ Won
06-242 SOM (dny mot amd C)